UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ELCILIO MORALES,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

Case No. 1:12-cv-278

Honorable Joseph G. Scoville

**OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the Commissioner's decision denying plaintiff's claims for supplemental security income (SSI) benefits and disability insurance benefits (DIB). On August 24, 2006, plaintiff filed his applications for benefits alleging an April 1, 2002 onset of disability.[1] (A.R. 112-19). Plaintiff's disability insured status expired on March 31, 2009. Thus, it was plaintiff's burden on his claim for DIB benefits to submit evidence demonstrating that he was disabled on or before March 31, 2009. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claims were denied on initial review. On January 9, 2009, plaintiff received a hearing before an ALJ, at which he was represented by counsel. (A.R. 21- 47). On

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, September 2006 is plaintiff's earliest possible entitlement to SSI benefits.

February 24, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 12-19). On August 24, 2009, the Appeals Council denied review. (A.R. 1-3). Plaintiff pursued an appeal in this court. On March 2, 2010, Chief Judge Maloney granted a stipulated motion and entered judgment reversing the Commissioner's decision and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (A.R. 336). On January 27, 2012, the Appeals Council issued the Commissioner's final administrative decision finding that plaintiff was not disabled. (A.R. 332-35).

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 10). Plaintiff asks the court to overturn the Commissioner's decision based on the following arguments:

1. The Appeals Council committed error "when it upheld the Administrative Law Judge['s] decision denying claimant's application for social security disability benefits[;]"

2. The ALJ failed to award benefits based on the grid;

3. The ALJ failed to give appropriate weight to the opinions of a treating physician;

4. "The ALJ's Determination as to the Vocational Impact of Claimant's RFC at Step 5 is Without Substantial Support[;]" and

5. "The ALJ's Opinion [was] Not Supported by Substantial Evidence."

(Plf. Brief at ID#s 377, 380, 381, 384, 385, docket # 11). The Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned

if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The Appeals Council found that plaintiff met the disability insured requirement of the Social Security Act from April 1, 2002, through March 31, 2009, but not thereafter. (A.R. 14, 332). Plaintiff had not engaged in substantial gainful activity on or after April 1, 2002. (*Id.*). Plaintiff had the following severe impairments: "arthritis, sleep apnea, fatigue, obesity, and back pain." (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 15, 332-33). Plaintiff retained the residual functional capacity for a limited range of light work. (A.R. 16, 333-34). Plaintiff's subjective complaints were not fully credible. (A.R. 16-18, 333). The Appeals Council found that plaintiff was not disabled at step 4 of the sequential analysis[2] because he was capable of performing

---

[2]"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

his past relevant work as a data entry clerk as that job is generally performed in the national economy. (A.R. 18-19, 333-34).

**1.**

Plaintiff states that the Appeals Council committed error when it upheld the ALJ's decision denying his applications for DIB and SSI benefits. (Plf. Brief at ID# 377). There is no developed argument corresponding to this statement of error. Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012).

Even assuming that plaintiff did not waive the issue, it is meritless. There is more than substantial evidence supporting the Appeals Council's decision denying plaintiff's claims for DIB and SSI benefits.

**2.**

Plaintiff argues: "The ALJ committed reversible error in failing to award disability benefits on the account that [plaintiff] met the requirements of Grid Rule 201.09." (Plf. Brief at ID# 380). This argument is patently meritless. Plaintiff retained the RFC for a limited range of light work. (A.R. 334). He attended two years of college and performed semi-skilled work as a data entry clerk. (A.R. 26, 44). Rule 201.09 applies to an individual with a RFC for sedentary work, a limited education or less, and unskilled or no previous work experience. 20 C.F.R. § 404, Subpt. P. App 2, Rule 201.09. This Rule has no conceivable application to plaintiff.

**3.**

Plaintiff argues that the Commissioner failed to give "appropriate weight" to the opinions that treating physician Mervyn Smith, M.D., expressed in his questionnaire responses dated August 29, 2008. (Plf. Brief at ID#s 381-84). Plaintiff is attempting to take advantage of an error in his favor made by the ALJ, who treated the RFC questionnaire responses made by Physician's Assistant Kathleen Lindhout (A.R. 304-08) as if they had been made by Dr. Smith.[3] (A.R. 17). Dr. Smith never completed a RFC questionnaire.

The records of plaintiff's treating physician do not support his claims for DIB and SSI benefits. Although plaintiff alleges an April 1, 2002 onset of disability, he did not submit any medical records for the years from his alleged onset of disability through October 19, 2005. On October 20, 2005, plaintiff complained to Dr. Smith that he was experiencing intermittent low back pain. (A.R. 224-28). He "denie[d] any paresthesias, or numbness or tingling going down into his lower extremities." (A.R. 224). Dr. Smith gave plaintiff prescriptions for Flexeril and Motrin for his back pain and Diovan for his hypertension. (A.R. 228). During a follow-up examination on November 10, 2005, Dr. Smith noted that plaintiff was alert and oriented in all three spheres. His extremities were negative for cyanosis, clubbing, or edema. (A.R. 219).

---

[3]Substantial evidence is the applicable standard of review, not perfection. *See Kornecky v. Commissioner*, 167 F. App'x 496, 507 (6th Cir. 2006). Plaintiff, as the party attacking the agency's determination, has the burden of showing that the error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409-10. In *Shinseki*, the Supreme Court observed that the harmless error standard is intended to "prevent appellate courts from becoming impregnable citadels of technicality." 556 U.S. at 407.

On December 22, 2005, plaintiff complained of left knee pain. (A.R. 218). X-rays showed "mild to moderate narrowing of the left medial joint compartment." The lateral joint compartment and patellofemoral compartment were preserved. The soft tissues were normal. (A.R. 229). On December 29, 2005, Dr. Smith noted that plaintiff was not in any acute distress and that his left knee retained a good range of motion. (A.R. 217). On January 30, 2006, plaintiff had some tenderness and a decreased range of motion in his left knee which was diagnosed as left knee osteoarthritis. (A.R. 220). On August 16, 2006, plaintiff returned to Dr. Smith. He described plaintiff as a "well-nourished, well developed gentleman, who [was] in no acute distress." (A.R. 223). Plaintiff's extremities were negative for clubbing, cyanosis or edema. He was neurologically intact and oriented in all three spheres. Dr. Smith's diagnosis of low back pain and hypertension remained unchanged. (*Id.*).

On January 19, 2007, plaintiff returned to Dr. Smith "for a follow up on his hypertension." (A.R. 271). Plaintiff was in no acute distress. (A.R. 271). On March 4, 2007, plaintiff complained of lower back pain and left knee pain, but "other than that he [was] feeling fine." (A.R. 272). On June 11, 2007, plaintiff informed Dr. Smith that his left knee hurt "every once in a while," but it did not give out on him. (A.R. 273). Dr. Smith described plaintiff as a "well-nourished, well-developed gentleman who [was] in no acute distress." His diagnosis was hypertension and left knee pain and swelling secondary to osteoarthritis. (*Id.*).

Physician's Assistant Lindhout began treating plaintiff in 2008, almost six years after plaintiff's alleged onset of disability. (A.R. 282). Ms. Lindhout initiated a course of physical therapy to address plaintiff's complaints of left knee pain. She noted that a dietician had advised plaintiff to eat a lower fat diet and walk on a daily basis. (A.R. 287, 292). On April 25, 2008,

plaintiff began a course of physical therapy at Spectrum Health. (A.R. 250). On June 2, 2008, plaintiff's therapist noted that he had "5/5 knee strength" and that his knee mobility was within normal limits. (A.R. 245). On June 16, 2008, plaintiff reported that his knee felt "better overall." (A.R. 297).

On August 29, 2008, Ms. Lindhout completed questionnaires expressing her opinion that plaintiff was limited to sedentary work and had significant additional restrictions. (A.R. 304-08). Even when Ms. Lindhout's RFC questionnaire responses were considered as if they had been the opinions of a treating physician, they were not entitled to any particular weight, because the issues of disability and RFC are reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d).

A physician's assistant is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d). There is no "treating physician's assistant rule," and the opinion of a physician's assistant is not entitled to any particular weight. *See Geiner v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of a physician's assistant fall within the category of information provided by "other sources." *Id.* at * 2; *see* 20 C.F.R. §§ 404.1513(d), 416.913(d). The social security regulations require that information from other sources be

"considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1512, 416.912). This is not a demanding standard. It was easily met here because Ms. Lindhout's opinions were considered as if they were the opinions of a treating physician. (A.R. 17).

**4.**

Plaintiff argues that the Commissioner's "Determination as to the Vocational Impact of Claimant's RFC at Step 5 is Without Substantial Support." (Plf. Brief at ID# 384). This argument is meritless. The Commissioner found that plaintiff was not disabled at step 4 of the sequential analysis because he was capable of performing his past relevant work as a data entry clerk. (A.R. 333-34). The Commissioner never reached step 5 of the sequential analysis.

**5.**

Plaintiff asks the court to order the Commissioner to award DIB and SSI benefits.[4] (Plf. Brief at ID#s 385-86). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the

---

[4]Plaintiff's brief includes an alternative request for remand to the Commissioner for "consideration of the full record, per sentence six of 42 U.S.C. § 405(g)." (Plf. Brief at ID # 387). This appears to be a vestige of a brief filed in some other case, because plaintiff's brief is devoid of any argument that this matter should be remanded to the Commissioner for consideration of "new evidence" under sentence six of 42 U.S.C. § 405(g). Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) to demonstrate that the evidence he now presents is "new" and "material," and that there is "good cause" for his failure to present this evidence in the prior proceeding. *See Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Plaintiff made no attempt to satisfy his statutory burden.

contrary is lacking." *Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); *see also Kalmbach v. Commissioner*, 409 F. App'x 852, 865 (6th Cir. 2011). Plaintiff has not established any basis for disturbing the Commissioner's decision, much less the extraordinary remedy of a judgment ordering the Commissioner to award benefits.

## **Conclusion**

For the reasons set forth herein, a judgment will be entered affirming the Commissioner's decision.


Dated:  September 5, 2013         /s/  Joseph G. Scoville
                                  United States Magistrate Judge